# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN D. MANN, | 1: 06 CV 00895 WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| M. C. KRAMER, | [Doc. 15] |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On April 13, 1994, Petitioner was convicted of first degree murder and a sentencing enhancement was found true. The trial court sentenced Petitioner to an indeterminate state prison term of twenty-five years to life, plus four years for the enhancement.

  Petitioner filed a direct appeal, and on July 6, 1995, the California Court of Appeal, Fifth Appellate District ("Court of Appeal") affirmed the judgment. Petitioner filed a petition for review with the California Supreme Court, which denied the petition on October 26, 1995.

  Petitioner subsequently filed six pro se collateral challenges to his conviction:

First Petition

August 9, 2000: Petition for post-conviction relief filed in the California Supreme Court

November 29, 2000: Petition denied

Second Petition

September 8, 2000: Petition for post-conviction relief filed in the Court of Appeal

September 18, 2000: Petition denied

Third Petition

July 2, 2001: Petition for post-conviction relief filed in the Kings County Superior Court

July 27, 2001: Petition denied

Fourth Petition

August 20, 2004: Petition for post-conviction relief filed in the Kings County Superior Court

September 16, 2004: Petition denied

Fifth Petition

October 25, 2004: Petition for post-conviction relief filed in the Court of Appeal

November 9, 2004: Petition denied

Sixth Petition

August 2, 2005: Petition for post-conviction relief filed in the California Supreme Court

May 24, 2006: Petition denied

  On October 17, 1996, Petitioner filed a prior habeas corpus petition in this court challenging the same conviction challenged in the present action. Mann v. Henry, CIV F 96-6164 OWW HGB P. On June 14, 1997, the Magistrate Judge recommended that the petition be denied on the merits. The District Judge adopted the findings and recommendations on September 17, 1997. Petitioner appealed to the United States Court of Appeals for the Ninth Circuit and on April 19, 1999, the Ninth Circuit affirmed the judgment. Petitioner filed the present action on July 14, 2006.

**LEGAL STANDARD**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Kings County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth

1  Circuit's approach in <u>Van Tran v. Lindsey</u>, 212 F.3d 1143 (9th Cir. 2000)); <u>Williams v. Taylor</u>, 120
2  S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court
3  concludes in its independent judgment that the relevant state-court decision applied clearly
4  established federal law erroneously or incorrectly." <u>Lockyer</u>, at 1174 (citations omitted).  "Rather,
5  that application must be objectively unreasonable." <u>Id.</u> (citations omitted).

6       While habeas corpus relief is an important instrument to assure that individuals are
7  constitutionally protected, <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);
8  <u>Harris v. Nelson</u>, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal
9  conviction is the primary method for a petitioner to challenge that conviction.  <u>Brecht v.</u>
10 <u>Abrahamson</u>, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual
11 determinations must be presumed correct, and the federal court must accept all factual findings made
12 by the state court unless the petitioner can rebut "the presumption of correctness by clear and
13 convincing evidence." 28 U.S.C. § 2254(e)(1); <u>Purkett v. Elem</u>, 514 U.S. 765, 115 S.Ct. 1769
14 (1995); <u>Thompson v. Keohane</u>, 516 U.S. 99, 116 S.Ct. 457 (1995); <u>Langford v. Day</u>, 110 F.3d 1380,
15 1388 (9th Cir. 1997).

**DISCUSSION**

17      Respondent moves to dismiss this petition on the grounds that it is successive and it is
18 untimely.  Petitioner opposes the motion.  Because the court finds Respondent's first ground for
19 dismissal to be meritorious, it finds it unnecessary to address the second.

20      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
21 Petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the
22 Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5
23 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be
24 raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground."
25 The Ninth Circuit has referred to a Respondent's Motion to Dismiss as a request for the Court to
26 dismiss under Rule 4 of the Rules Governing § 2254 Cases.  <u>See, e.g.</u>, <u>O'Bremski v. Maass</u>, 915
27 F.2d 418, 420 (1991); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989); <u>Hillery v. Pulley</u>, 533
28 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and

case law, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

Under AEDPA's "gatekeeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless the court of appeals finds that:

> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).

In this case, as set forth above, Petitioner filed a prior federal habeas corpus petition challenging the same conviction and sentence he seeks to challenge now. See Mann v. Henry, CIV F 96-6164 OWW HGB  Therefore, the present petition is a second or successive petition under Section 2244(b)(2), and Petitioner cannot proceed on this petition without the requisite authorization from the Ninth Circuit. Petitioner, however, has not provided this court with any evidence that he has obtained this authorization. Indeed, he does not claim to have done so. Accordingly, this case must be dismissed.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Respondent's motion to dismiss is GRANTED:

2) This petition is DISMISSED as an unauthorized second or successive petition;

3) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:    January 30, 2008**              /s/  William M. Wunderlich

UNITED STATES MAGISTRATE JUDGE